MARVIN, Judge.
The defendant appeals from a judgment ordering specific performance of his verbal *1084 obligation to incorporate a business with his brother, the plaintiff. The issues are factual. They were resolved below in favor of plaintiff and we find no manifest error.
In summary, defendant desired to purchase and operate the Office Lounge in Monroe, the owner of which required a $15,-000 down payment. Defendant was unable to borrow the down payment without a guarantor. Plaintiff agreed to personally guarantee the bank loan for the down payment on the conditions that the business be incorporated with plaintiff and his wife owning 25 percent of the corporate stock and defendant and his wife owning the remainder and that these four persons would comprise the board of directors of the corporation.
Defendant contends he never agreed to the exact terms and specifics under which the business would be incorporated. Finding otherwise, the lower court observed:
“Testimony shows that the parties had agreed that the corporation would be controlled by a board of four directors composed of themselves and their wives . The proposed Articles . . . were presented to [defendant] and his wife at . 11:00 a.m. . “It was agreed that these were to be examined and signed that same afternoon at . 4:00 p.m. in the lawyer’s office in Monroe. . . . [Defendant] then proceeded to obtain [plaintiff’s] obligation to secure the . . . indebtedness. . . . [A]round 3:30 p.m., [defendant] did not question the terms or the contents of the Articles of Incorporation; instead, he insisted he was now ‘in the driver’s seat’ and . . . was not obligated to incorporate under any terms whatsoever if he did not care to do so.”
The record supports the conclusions of the lower court. Under these circumstances, the assets of the Office Lounge, acquired individually by the defendant from the seller, are legally deemed to be the property of the corporation. Sentell v. Richardson, 211 La. 288, 29 So.2d 852 (1947). Answering defendant’s appeal, plaintiff contends the judgment should be amended to order specific performance under this principle of law. We agree. Other portions of the judgment, which ordered plaintiff to cosign the note representing the credit portion of the sale price of the lounge in further performance of the verbal agreement between the litigants, were not complained of by either litigant.
Accordingly, judgment is amended to order defendant to execute all instruments necessary to transfer legal title to the corporation of all assets conveyed to the defendant individually by the credit sale, and at appellant’s cost, the judgment, as amended, is
AFFIRMED.